UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number:  9:15-cv-81190-RLR

VOLTSTAR TECHNOLOGIES, INC., an
Illinois corporation

        Plaintiff,

v.

OFFICE DEPOT, INC., a Delaware
corporation,

        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

## JURY TRIAL DEMANDED

Plaintiff VOLTSTAR TECHNOLOGIES, INC., by and through undersigned counsel, brings this civil action for patent infringement against Defendant, and alleges as follows:

1.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized importation for sale, manufacture, use, offer to sell and sale in the United States of an AC Adapter that infringes one or more claims of United States Patent No. 9,024,581 entitled "Charger Plug with Improved Package."

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff VOLTSTAR TECHNOLOGIES, INC. ("Voltstar") is an Illinois Corporation with its principal place of business at 1320 Tower Road, Schaumburg, Illinois 60173.

3. Defendant OFFICE DEPOT, INC. ("Office Depot") is a Delaware corporation with its principal place of business at 6600 North Military Trail, Boca Raton, Palm Beach County, Florida 33496.

4. Defendant is subject to personal jurisdiction within this judicial district and division because it operates, conducts, engages in, or carries on business within this state, judicial district and division, and/or has an office or agency within this state, judicial district and division.

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) under the Patent Laws of the United States.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §1391 (b) because Office Depot has committed acts of infringement within this judicial district and division.

## THE PATENT-IN-SUIT

7. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

8. McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015 (the '581 Patent). A true and correct copy of the '581 Patent is attached as Exhibit A.

9. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783. A copy of the records of the United States Patent and Trademark Office relating to the activities referred to in the paragraph 9 is attached as Exhibit B.

10. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet or a power strip, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.  The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet or power strip outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with furniture that may be placed adjacent to or in front of the outlet.  In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581**

11. Plaintiff re-alleges paragraphs 1 through 10 above as fully and completely as if set forth herein verbatim.

12. Beginning on or after May 5, 2015, Defendant Office Depot infringed at least one claim of the '581 patent by offering to sell and by selling an AC adapter identified as item 316696 and Wireless Gear BL-1448.

13. The AC adapter referred to in paragraph 12 has a longitudinal length less than 2 inches and a width less than approximately 1.7 inches, a blade length of approximately 0.625 inches and an insertion depth for the power cord of approximately 0.50 inches but in no event less than the blade length.

14. The activities of Office Depot referred to in this Count I literally infringe each of claims 1, 9-13 and 17-19 of the '581 patent in violation of 35 U.S.C. § 271(a).

15. The activities of Office Depot as set forth in this Count I have been without license, permission or authorization from Plaintiff.

16. The activities of Office Depot as set forth in this Count I have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT II
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

17. Plaintiff re-alleges paragraphs 11-13 as fully and completely as if set forth herein verbatim.

18. Office Depot intends that the AC adapter referred to in Count I be used with a receptacle, power source, wall outlet and/or power strip.

19. Office Depot does not advertise any use of the AC adapter referred to in Count I other than with a receptacle, power source, wall outlet and/or power strip.

20. Office Depot does not know of any substantial use of the AC adapter referred to in Count I other than with a receptacle, power source, wall outlet and/or power strip.

21. The AC adapter referred to in Count I is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

22. The use of the AC adapter referred to in Count I with a receptacle, power source, wall outlet and/or power strip constitutes literal infringement of one or more of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C.§ 271(a).

23. The activities of Office Depot referred to in this Count II constitute contributory infringement of each of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C.§ 271(c).

24. The activities of Office Depot as set forth in this Count II have been without license, permission or authorization from Plaintiff.

25. The activities of Office Depot as set forth in this Count II have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

26. Plaintiff re-alleges paragraphs 1 through 10 above as fully and completely as if set forth herein verbatim.

27. Beginning on or after May 5, 2015, Defendant Office Depot infringed at least one claim of the '581 patent by offering to sell and by selling an AC adapter identified as item 108179 and 1AC PUR.

28. The AC adapter referred to in paragraph 27 has a longitudinal length less than 2 inches and a width less than approximately 1.7 inches, a blade length of approximately 0.625 inches and an insertion depth for the power cord of less than approximately 0.50 inches but in no event less than the blade length.

29. The activities of Office Depot referred to in this Count III literally infringe each of claims 1, 9-13 and 17-19 of the '581 patent in violation of 35 U.S.C.§ 271(a).

30. The activities of Office Depot as set forth in this Count III have been without license, permission or authorization from Plaintiff.

31. The activities of Office Depot as set forth in this Count III have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT IV
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

32. Plaintiff re-alleges paragraphs 26-28 as fully and completely as if set forth herein verbatim.

33. Office Depot intends that the AC adapter referred to in Count III be used with a receptacle, power source, wall outlet and/or power strip.

34. Office Depot does not advertise any use of the AC adapter referred to in Count III other than with a receptacle, power source, wall outlet and/or power strip.

35. Office Depot does not know of any substantial use of the AC adapter referred to in Count III other than with a receptacle, power source, wall outlet and/or power strip.

36. The AC adapter referred to in Count III is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

37. The use of the AC adapter referred to in Count III with a receptacle, power source, wall outlet and/or power strip constitutes literal infringement of one or more of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. § 271(a).

38. The activities of Office Depot referred to in this Count IV constitute contributory infringement of each of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. §271(c).

39. The activities of Office Depot as set forth in this Count IV have been without license, permission or authorization from Plaintiff.

40. The activities of Office Depot as set forth in this Count IV have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT V
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

41. Plaintiff re-alleges paragraphs 1 through 10 above as fully and completely as if set forth herein verbatim.

42. Beginning on or after May 5, 2015, Defendant Office Depot infringed at least one claim of the '581 patent by offering to sell and by selling an AC adapter identified as item 747477 and Mizco International.

43. The AC adapter referred to in paragraph 42 has a longitudinal length less than 2 inches and a width less than approximately 1.7 inches, a blade length of approximately 0.625 inches and an insertion depth for the power cord of less than approximately 0.50 inches but in no event less than the blade length.

44. The activities of Office Depot referred to in this Count V literally infringe each of claims 1, 9-13 and 17-19 of the '581 patent in violation of 35 U.S.C.§ 271(a).

45. The activities of Office Depot as set forth in this Count V have been without license, permission or authorization from Plaintiff.

46. The activities of Office Depot as set forth in this Count V have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT VI
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

47. Plaintiff re-alleges paragraphs 41-43 as fully and completely as if set forth herein verbatim.

48. Office Depot intends that the AC adapter referred to in Count V be used with a receptacle, power source, wall outlet and/or power strip.

49. Office Depot does not advertise any use of the AC adapter referred to in Count V other than with a receptacle, power source, wall outlet and/or power strip.

50. Office Depot does not know of any substantial use of the AC adapter referred to in Count V other than with a receptacle, power source, wall outlet and/or power strip.

51. The AC adapter referred to in Count V is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

52. The use of the AC adapter referred to in Count V with a receptacle, power source, wall outlet and/or power strip constitutes literal infringement of one or more of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. § 271(a).

53. The activities of Office Depot referred to in this Count VI constitute contributory infringement of each of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. §271(c).

54. The activities of Office Depot as set forth in this Count VI have been without license, permission or authorization from Plaintiff.

55. The activities of Office Depot as set forth in this Count VI have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

56. Plaintiff re-alleges paragraphs 1 through 10 above as fully and completely as if set forth herein verbatim.

57. Beginning on or after May 5, 2015, Defendant Office Depot infringed at least one claim of the '581 patent by offering to sell and by selling an AC adapter identified as item 311018 and iHome IH-CT22013W.

58. The AC adapter referred to in paragraph 57 has a longitudinal length less than 2 inches and a width less than approximately 1.7 inches, a blade length of approximately 0.625 inches and an insertion depth for the power cord of less than approximately 0.50 inches but in no event less than the blade length.

59. The activities of Office Depot referred to in this Count VII literally infringes each of claims 1, 9-13 and 17-19 of the '581 patent in violation of 35 U.S.C. § 271(a).

60. The activities of Office Depot as set forth in this Count VII have been without license, permission or authorization from Plaintiff.

61. The activities of Office Depot as set forth in this Count VII have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## COUNT VIII
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581

62. Plaintiff re-alleges paragraphs 56-58 as fully and completely as if set forth herein verbatim.

63. Office Depot intends that the AC adapter referred to in Count VII be used with a receptacle, power source, wall outlet and/or power strip.

64. Office Depot does not advertise any use of the AC adapter referred to in Count VII other than with a receptacle, power source, wall outlet and/or power strip.

65. Office Depot does not know of any substantial use of the AC adapter referred to in Count VII other than with a receptacle, power source, wall outlet and/or power strip.

66. The AC adapter referred to in Count VII is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

67. The use of the AC adapter referred to in Count VII with a receptacle, power source, wall outlet and/or power strip constitutes literal infringement of one or more of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. § 271(a).

68. The activities of Office Depot referred to in this Count VIII constitute contributory infringement of each of claims 2, 3, 6, 7, 15 and/or 16 of the '581 patent in violation of 35 U.S.C. §271(c).

69. The activities of Office Depot as set forth in this Count VIII have been without license, permission or authorization from Plaintiff.

70. The activities of Office Depot as set forth in this Count VIII have been and continue to be to the injury and detriment of Plaintiff and irreparable harm to Plaintiff.

## **RESERVATION OF RIGHTS**

Plaintiff reserves the right to add claims of inducement of infringement by Office Depot in violation of 35 U.S.C. § 271(b) based on any conduct of Office Depot continuing after notice of Plaintiff's patent rights.

**WHEREFORE, PLAINTIFF PRAYS:**

A. For judgment that Office Depot has infringed at least one claim of the '581 Patent;

B. For an accounting and an award of damages sufficient to compensate Plaintiff for the infringement but in no event less than a reasonable royalty;

C. For an award of costs; and

D. For such other and further relief as to the Court may appear just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED:  August 21, 2015                Respectfully submitted,


By:   */s/ Jerold I. Schneider*
JEROLD I. SCHNEIDER
Florida Bar Number 26975
jerold.schneider@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
DIANA F. MEDEROS
Florida Bar Number 99881
diana.mederos@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, Florida  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff*
*Voltstar Technologies, Inc.*